UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02038-TWP-MG |
| | ) | |
| DUANE ALSIP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Action for Failure to Prosecute**

The Court has warned plaintiff Aaron Reid ("Mr. Reid") that his failure to follow the Court's orders would result in dismissal of this action. Nevertheless, for more than five months, he has failed to move the case along and follow this Court's orders. The Court finds that dismissal is the appropriate sanction for Mr. Reid's noncompliance and failure to prosecute.

**I.     Background**

Mr. Reid filed this civil rights action in August 2020 alleging that the defendants were deliberately indifferent to his hand infection, causing his thumb to be amputated. (Dkt. 1). Throughout the litigation, he has been in custody at Miami Correctional Facility in Bunker Hill, Indiana. The Court screened Mr. Reid's complaint and assisted with service on the defendants. (Dkt. 6; dkt. 7). The defendants answered, and the case proceeded to discovery. (Dkt. 42; Dkt. 44; Dkt. 45). Mr. Reid produced initial disclosures, but he repeatedly failed to respond to the defendants' requests for production and interrogatories. (*See* Dkts. 58 and 63).

In June 2021, the Court ordered Mr. Reid to respond to a motion to compel. (Dkt. 62). The Court also reset the discovery and summary judgment deadlines and allowed Mr. Reid additional

time to respond to the defendants' discovery requests. *Id.* Mr. Reid did not respond to the motion to compel and did not, as instructed, notify the Court of compliance with the discovery requests.

In September 2021, the Court granted the defendants' motions to compel and directed Mr. Reid to notify the Court by October 18, 2021, whether he intended to proceed with this litigation. (Dkt. 65). Mr. Reid failed to comply.

In November 2021, the Court again directed Mr. Reid to respond to the defendants' discovery requests and notify the Court of his intention to proceed with this litigation. (Dkt. 67 at 3). The Court clearly warned that if Mr. Reid did not notify the Court by December 3, 2021, the action would be dismissed. *Id.* ("**If he fails to meet this deadline, the action will be dismissed.**"). The Court again reset the discovery and summary judgment deadlines. *Id.* Mr. Reid still has filed nothing with the Court.

Mr. Reid has, however, communicated with one of the defense attorneys on the case. In a letter dated November 20, 2021, he wrote that he has been on lockdown for two months without access to the prison law library. Dkt. 69-1. He also explained that two of the defendants in this action were incorrectly sued. *Id.* He indicated that he was unable to litigate this case on his own without counsel. *Id.* And, finally, he asked defense counsel if they would agree to a continuance of this action until his release in November 2022. *Id.* Counsel submitted this letter to the Court. Dkt. 69.

## II. Legal Standard

A district court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In deciding whether such a sanction is appropriate, the Court considers three factors: "(1) the frequency and egregiousness of the plaintiff's failure to comply with deadlines, (2) the prejudice resulting to the defendants, and

(3) the effect of delay on the court's calendar." *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020).

### III. Discussion

All three *Shaffer* factors weigh in favor of dismissing this action for failure to prosecute.

First, Mr. Reid has shown a clear and continuous pattern of ignoring the Court's orders. The Court first directed Mr. Reid to respond to the defendants' motion to compel in June 2021. Dkt. 62. Now, more than five months later, he has failed to comply with that order and two others. *See* dkt. 65 (order granting motions to compel, directing Mr. Reid to respond to defendants' discovery requests, and directing Mr. Reid to notify Court of intent to proceed with litigation); dkt. 67 (order directing plaintiff to comply with Court orders and notify the Court of intent to proceed with litigation). And he has done so despite the Court's clear warning that this action would be dismissed if he did not comply. Dkt. 67 at 2.

Second, Mr. Reid's delay and failure to comply with Court orders has prejudiced the defendants. The defendants answered the complaint. They provided initial disclosures and expert disclosures, as ordered by the Court. *See* dkts. 52, 56, 57. And they drafted and served discovery requests and then filed motions to compel. Dkts. 55 and 63. Mr. Reid is indigent and cannot compensate them for the resources they have expended. Moreover, Mr. Reid's claims are based on events that occurred in 2018. Resetting the litigation at this point would prejudice the defendants.

Third, Mr. Reid's failure to participate in the litigation has affected the Court's calendar. Discovery was originally set to close in this action in July 2021, with motions for summary judgment due in August 2021. The defendants timely provided their initial disclosures and participated in discovery. But due to Mr. Reid's failures, the current discovery deadline is December 22, 2021, and the summary judgment deadline is January 21, 2022. Dkt. 67 at 3. If the

Court were to give Mr. Reid yet another opportunity, it would also have to push those dates back even further.

True, Mr. Reid has made *some* effort in the last few weeks, by writing defense counsel. But that is not what the Court directed him to do. Mr. Reid still has not responded to the defendants' discovery requests. Nor has he notified the Court of his intent to proceed with this litigation. On the contrary, his letter to counsel suggests that he is willing to abandon the litigation unless the Court grants him a 12-month continuance or appoints counsel. Mr. Reid is not entitled to either of those accommodations.

Mr. Reid has not shown good cause for a 12-month continuance. Even accepting his assertion that Miami Correctional Facility has been on lockdown for two months, Mr. Reid has not shown why that prevented him from even trying to respond to the defendants' discovery requests, which mainly seek information based on his personal knowledge and materials in his possession. *See* dkt. 58-1.

As for counsel, the Court notes that it denied Mr. Reid's motion for assistance with recruiting counsel in September 2020, shortly before the defendants answered the complaint. Dkt. 41. At that time, the Court credited Mr. Reid's assertion that he had been unable to even try to recruit counsel on his own. *Id.* at 1. But there is no basis for the Court to find that Mr. Reid has continued trying to get counsel on his own, as he must do before the Court will assist him. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). And Mr. Reid has not renewed his motion for assistance with recruiting counsel, despite the Court's express invitation to do so. Dkt. 41 at 2 ("As the case proceeds, if the plaintiff believes he is unable to complete the tasks that arise, he may renew his motion.").

### IV. Conclusion

This action is **dismissed with prejudice** for failure to prosecute. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 12/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AARON REID
117365
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@wkw.com

Marilyn A. Young
CASSIDAY SCHADE LLP
myoung@cassiday.com